PARKINSON *v.* PARKINSON.[1]

DIVORCE—CRUELTY—PREJUDICE OF CHILDREN—WITNESSES.

Where complainant's allegations of cruelty were only supported by his own testimony and that of his son and daughter, who were clearly prejudiced against defendant, and the wife's testimony, which was corroborated by that of neighbors, denied the allegations, a divorce should not have been granted.

Appeal from Wayne; Rohnert, J.    Submitted June 3, 1903.    (Docket No. 20.)    Decided September 22, 1903.

Bill by Charles A. Parkinson against Mary E. Parkinson for a divorce.    From a decree from complainant, defendant appeals.    Reversed.

*Allan H. Frazer,* for complainant.

*George H. Prentis,* for defendant.

GRANT, J.    Complainant asked and obtained a divorce from his wife in the court below.    They had been married 24 years when the bill was filed, and had reared three children, who were then, respectively, 22, 20, and 17 years of age.    The charge is extreme cruelty.    The acts

[1] Rehearing denied October 27, 1903.

charged are threats to kill complainant and the children, the use of profane and abusive language, assaults upon complainant and two of his children, an ungovernable temper, slovenly habits, the taking and giving away of some of his personal property, and refusing him and his son entrance to his home. The answer denies all the acts of cruelty charged. The complainant's case depends entirely upon his own and the testimony of one of his sons and his daughter. The prejudice and feeling of the children against their mother, and in favor of their father, very clearly appears in their testimony. Their neighbors, who were frequently in the house, and knew the defendant, unanimously give testimony showing that she was a faithful wife and a good housekeeper. The charge of slovenly habits is so completely negatived by the testimony of those conversant with her housekeeping and home life that we regard this charge as completely refuted. This refutation is so complete that it casts suspicion upon the credit to be given to all the testimony of the complainant and his children.

The complainant owned no property when they were married, and his wife remained closely at home during their married life, attending assiduously to the duties of the household and the rearing of the children. Complainant was frequently away from home on hunting and fishing excursions, while she remained at home, attending to her home duties. There is very strong evidence that complainant was not faithful to his marriage vows. When she refused her husband admission to the house was after he had filed a bill for divorce against her, and which was then pending, but afterwards discontinued. She was a witness in her own behalf, and denied all the charges made against her. A statement of the testimony would form no valuable precedent, and we consider it unnecessary to state it in detail.

We cannot agree with the learned circuit judge in holding that the complainant is entitled to a divorce. The

decree below is therefore reversed, and the bill dismissed, with the costs of both courts.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.